1   LORI KIRSCH-GOODWIN, #016233
2   HOPE N. KIRSCH, #018822
    KIRSCH-GOODWIN & KIRSCH, P.L.L.C.
3   8787 East Pinnacle Peak Rd., Suite 210
    Scottsdale, Arizona 85255
4   Telephone:    (480) 585-0605
    Facsimile:    (480) 585-0622
5
6   BRIAN L. CELLA (*admitted pro hac vice*)
    CELLA LANGE & CELLA LLP
7   1600 South Main Street Plaza, Suite 180
    Walnut Creek, California 94596
8   Telephone:    (925) 974-1110
    Facsimile:    (925) 974-1122
9   Email:        blcella@cellalange.net
10
    Attorneys for Defendant
11  ARINC INCORPORATED

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF ARIZONA**

14
15  MILLENIUM 3 TECHNOLOGIES, an      No.  CV 08-1257-PHX-JAT
    Arizona Corporation,
16                                    **DEFENDANT ARINC'S MOTION TO**
                    Plaintiff,        **STRIKE M3T'S SUR-REPLY TO**
17                                    **RESPONSE TO MOTION TO DISMISS,**
                                      **OR IN THE ALTERNATIVE, ARINC'S**
18  v.                                **OPPOSITION IN RESPONSE TO M3T'S**
                                      **SUR-REPLY**
19
20  ARINC, Inc., a Delaware Corporation,   (Assigned to the Honorable James A.
                                           Teilborg)
21                  Defendant.
22

23        ARINC, INCORPORATED ("Defendant" or "ARINC") respectfully submits this

24  Motion to Strike the Sur-Reply filed by MILLENIUM 3 TECHNOLOGIES' ("Plaintiff" or

25  "M3T").  In the event the Court is inclined to entertain M3T's Sur-Reply, then ARINC

26  respectfully requests the Court consider ARINC's Opposition to M3T's Sur-Reply, below.

27        (1)   M3T's Sur-Reply should be stricken.  The purported pleading is filed without

28  permission in violation of the Court rules.  Presumably recognizing this, the Sur-Reply styles

itself as a Motion to have itself filed.  It should be rejected as irrelevant, inapt, deceptive and too late.

(2)    <u>M3T's Sur-Reply is irrelevant</u>.  The sole claim by M3T in its Declaratory Relief Complaint is A.R.S. §32-1129.05, an Arizona statute providing that in construction contracts any forum selection or choice of law clause must specify Arizona.  (Complaint, p. 3, ll. 17-20; p. 4, ll. 3-6.)   There is no allegation of waiver or any other alleged basis for M3T to evade its promise that "The place of arbitration shall be in Washington D.C." (Contract, General Provisions, Art. 9 [a]; Complaint, p. 3, ll. 11-12; Martinson Declaration, ¶6, Ex. B.)  As demonstrated in ARINC's Motion and the Reply Brief, the state statute is preempted by the Federal Arbitration Act and the Complaint should be dismissed.

(3)    <u>M3T's Sur-Reply is inapt</u>.  M3T argues that because the parties proceeded to mediation in Phoenix, there was a waiver of the arbitration in Washington D.C.  The contract provides that "the place of the arbitration shall be Washington"; it is silent as to the location of any mediation.  Therefore, a mediation at any site has no logical connection to the parties' choice of arbitration in Washington.

(4)    <u>M3T's Sur-Reply is deceptive</u>.  M3T's pleading asserts that ARINC waived its right to enforce the forum selection clause by proceeding to mediation in Phoenix.  What M3T does not tell the Court is that before the mediation, ARINC specifically advised M3T in writing that, should settlement negotiations fail, arbitration would proceed in Washington: "Further, the proper forum for any arbitration of the dispute with MILLENNIUM 3 TECHNOLOGIES, INC. (M3T) is, as required by the contract, Washington, D.C. Participation in the mediation is an accommodation to facilitate settlement discussion and in full reservation of ARINC's rights claims and remedies, including the right to enforce arbitration in Washington."  Indeed, M3T's lawsuit is the quintessential preemptive strike filed in secret during protracted settlement discussions in an effort to avoid the Washington forum previously agreed to by the parties.

/    /    /

/    /    /

RESPECTFULLY SUBMITTED this 10th day of October, 2008,

KIRSCH-GOODWIN & KIRSCH, PLLC

By /s/Lori B. Kirsch-Goodwin
    HOPE N. KIRSCH,
    LORI B. KIRSCH-GOODWIN,
    8787 E. Pinnacle Peak Road, Suite 210
    Scottsdale, Arizona 85255

    -and-

By /s/Lori B. Kirsch-Goodwin
    BRIAN L. CELLA (*admitted pro hac vice*)
    CELLA LANGE & CELLA, LLP
    1600 South Main Plaza, Suite 180
    Walnut Creek, CA
    Phone:    925-974-1112
    Facsimile: 925-974-1122
    Email:    blcella@cellalange.net
    *Attorneys for Defendant ARINC, Incorporated*

ORIGINAL of the foregoing e-filed and
COPIES served via email this  10th day of
October, 2008, to:

**Roger William Strassburg , Jr**
Roger Strassburg PLLC
9117 E Los Gatos Dr
Scottsdale , AZ 85255
Roger.Strassburg@cox.net
Attorney for Plaintiff

By  KB