**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MILLENIUM 3 TECHNOLOGIES,       )<br>                                                         )<br>              Plaintiff,                           )<br>                                                         )<br>vs.                                                    )<br>                                                         )<br>ARINC, Inc.,                                      )<br>                                                         )<br>              Defendant.                        )<br>_____) | No. CV 08-1257-PHX-JAT<br><br>**ORDER** |

Plaintiff M3T, L.L.C., dba Millenium 3 Technologies ("Plaintiff" or "M3T") brings this action against Defendant ARINC, Inc. ("ARINC" or "Defendant") seeking a declaratory judgment that the choice of law/choice of forum provisions in the parties' construction subcontract are void as against the public policy of Arizona. Pending before the Court is ARINC's Motion to Dismiss for Improper Venue and Failure to State a Claim or in the Alternative, to Stay the Declaratory Relief Action (Doc. # 17.) The Court now rules on the Motion.

**I.      FACTUAL BACKGROUND**

The facts relevant to this Motion are as follows. Defendant ARINC – a Delaware corporation – is a communications and engineering company headquartered in Annapolis, Maryland. In or about October 2003, ARINC contracted with the City of Phoenix to provide and install new passenger assistance and security systems ("Passenger Information and Paging Systems" or "PIPS") at Phoenix Sky Harbor International Airport.

1  Plaintiff M3T – an Arizona corporation – is a specialty audio systems installation
2  contractor licensed to do business in Arizona. M3T entered into a subcontract agreement
3  with ARINC in or about March 2004 in which M3T agreed to assist with and perform
4  designated portions of work on the PIPS project at Sky Harbor.

5  In their subcontract agreement, M3T and ARINC agreed to submit any disputes
6  arising out of the contract to arbitration under the rules of the American Arbitration
7  Association. Specifically, pursuant to the subcontract's arbitration provision, the parties
8  agreed that:

> Any dispute, controversy, or claim arising out of or relating to this Contract or default, termination or invalidity hereof, shall be settled by arbitration under the rules of the American Arbitration Association. The place of the arbitration shall be Washington, D.C.

12 (Declaration of John Martinson, Doc. # 18, Attach. 2). The subcontract agreement further
13 states that it "shall be governed by the laws of the state of Maryland, excluding its choice of
14 laws rules." (Id.)

15 Both parties now state that they are involved in a dispute over the performance and
16 payment of the subcontract. Although the parties agree that their dispute is subject to
17 arbitration pursuant to the terms of their subcontract agreement, they dispute whether the
18 choice of law and choice of forum provisions contained within the subcontract agreement are
19 enforceable.[1]

20 Plaintiff M3T asserts that the choice of law/choice of forum provisions in the
21 subcontract agreement are void under Arizona law, specifically A.R.S. §32-1129.05, which
22 provides:

> The following are against this state's public policy and are void and unenforceable:

---

[1] The choice of forum provision is found within the arbitration provision of the subcontract agreement – "Section 9. Disputes." The choice of law provision, however, is an entirely separate and independent provision within the subcontract agreement entitled "Section 2. Applicable Laws." (Decl. of John Martinson, Attach. 2.)

- 2 -

> 1. A provision, covenant, clause or understanding in, collateral to or affecting a construction contract that makes the contract subject to the laws of another state or that requires any litigation, arbitration or other dispute resolution proceeding arising from the contract to be conducted in another state.

M3T argues that the parties' subcontract agreement is a construction contract and that the foreign law and forum selections, therefore, violate A.R.S. §32-1129.05. Arguing that these law and forum selection provisions are void and unenforceable, M3T contends that any arbitration between the parties with respect to this dispute must take place in Arizona and be governed by Arizona law.

Defendant ARINC, on the other hand, argues that Arizona state law, specifically A.R.S. §32-1129.05, does not void the parties' contractual choice of forum and law. ARINC argues that the parties' signed contract mandates arbitration in Washington D.C., under the rules of the American Arbitration Association ("AAA"), and governed by Maryland law. ARINC argues that A.R.S. §32-1195.05 does not void these forum selection and choice of law clauses because the Federal Arbitration Act ("FAA") preempts the application of such a law. ARINC further argues that the authority to determine the applicable law and forum for arbitration is vested with the arbitrator and not with the court. On these bases, ARINC moves to dismiss M3T's declaratory relief action.

## II. DISCUSSION

### A. Motion to File Surreply

Before addressing the merits of ARINC's Motion to Dismiss, the Court will address M3T's Surreply and Motion to File Surreply (Doc. #28). Neither Fed. R. Civ. P. 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court. By filing its Surreply and Motion to File Surreply as one document, Plaintiff has essentially filed a Surreply without first obtaining leave of this Court to do so. M3T's Surreply was, therefore, improper.

1  Furthermore, in its purported Motion to file the Surreply, M3T failed to offer a single
2  reason, much less a justifiable basis, upon which this Court might grant the leave requested.
3  The argument asserted in M3T's Surreply – specifically that ARINC waived its right to
4  enforce the subcontract's choice of law and choice of forum provisions because it agreed to
5  a mediation in Phoenix – is premised upon information that was known to M3T well before
6  M3T filed its initial Response to ARINC's Motion to Dismiss. The mediation to which M3T
7  refers in its Surreply occurred on August 8, 2007. M3T's Response to the Motion to
8  Dismiss, however, was filed more than a year later on September 3, 2008. Given that such
9  information was known to M3T at the time it filed its Response and could have been argued
10 at that time, this Court finds that there is no basis for granting M3T leave to file its Surreply.
11 In any event, consideration of the argument offered by M3T in its Surreply would not change
12 the outcome of the dispositive motion, as discussed below.

**B.    Motion to Dismiss**

Preliminarily, this Court must decide whether M3T's challenge to the forum selection and choice of law provision within the parties' contract is for the court, or for the arbitrator, to decide. The federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators. *See Chiron Corp. v. Ortho Diag. Sys.*, 207 F.3d 1126, 1131 (9th Cir. 2000). "Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) quoting *Chiron*, 207 F.3d at 1130 (citation and quotation marks omitted).

The FAA provides broadly that written agreements to arbitrate involving commerce shall be valid, irrevocable, and enforceable. *See* 9 U.S.C. § 2. The present case undoubtedly implicates an agreement involving commerce. As stated in both the Declaration of John Martinson offered in support of Defendant ARINC's Motion to Dismiss and in the Affidavit of Steve Grosvenor offered in support of Plaintiff M3T's Response, the parties here are

- 4 -

1 commercially contracting entities from Maryland and Arizona who conducted work pursuant 2 to their subcontract agreement both inside and outside those states. The parties' subcontract 3 agreement contains an unequivocal arbitration clause – the general applicability of which the 4 parties do not dispute. (Motion, p. 5, Response, p. 9.) Indeed, ARINC and M3T have 5 acknowledged both at argument and in their briefs that the arbitration provision itself is valid 6 and enforceable. Given the foregoing, this Court finds that the subcontract agreement at 7 issue is covered under § 2 of the FAA.

8 The Supreme Court of the United States has delineated that the federal policy favoring 9 arbitration and reflected in the FAA establishes that, as a matter of federal law, arbitration 10 clauses are to be liberally construed, and any doubts concerning the scope of arbitrable issues 11 should be resolved in favor of arbitration. *See ATSA of Cal., Inc. v. Cont'l Ins. Co.*, 702 F.2d 12 172, 175 (9th Cir. 1982). It is well settled that, under the FAA, when an agreement contains 13 arbitration and choice of law clauses, the determination of what law applies to the agreement 14 is one that falls within the scope of the agreement and should be made by the arbitrator rather 15 than the courts. *See id.* ("[W]hen parties agree to submit disputes to arbitration, it is 16 presumed that the arbitrator will be authorized to determine all issues of law and fact 17 necessary to resolve the dispute . . Thus, the arbitrator has the authority to determine the 18 applicable law.") In the present case, as there is an express agreement between the parties 19 to arbitrate any disputes arising out of the subcontract agreement, this Court finds that the 20 controversy over the law to be applied and the forum for the arbitration is a question that falls 21 within the scope of the agreement. *See Diagnostic Imaging Supplies and Services, Inc. v. GE* 22 *Co.*, Civ. No. 04-2368 (HL), 2006 U.S. Dist. LEXIS 50792 at *12 (D. P.R. July 24, 2006). 23 Accordingly, this Court concludes that the determination of such an issue is for the arbitrator 24 and not for the Court.

25 Although the Court recognizes that another court has considered and ruled upon the 26 enforceability of a forum selection clause and choice of law provision within an arbitration 27 agreement even though the arbitration provision itself was not challenged, this Court does 28 not agree that such a determination is properly within the jurisdiction of the court. *See Smith*

*v. Paul Green School of Rock Music Franch.*, Case No. CV 08-00888, 2008 U.S. Dist. LEXIS 38356 (C.D. Cal. May 5, 2008)(finding on a motion to compel arbitration that forum selection and choice of law provision were not rendered unenforceable by California Franchise Investment Law). Where the parties concede that a dispute is subject to arbitration and do not challenge the applicability of the provision itself, challenges to a forum selection or choice of law clause do not present issues of arbitrability that are within the jurisdiction of the court.[2] Rather, such challenges present a question regarding the location of the arbitration and/or the law to be applied therein. This Court finds that such issues are to be settled by the arbitrator.

Although M3T made reference at oral argument to a Motion to Amend its Complaint, indicating the possibility of filing the same, no such Motion to Amend has been filed in this case. The Court invited M3T at oral argument to specify how an amended pleading would change the outcome of ARINC's Motion to Dismiss. After hearing counsel's explanation, the Court is satisfied that such an amendment would be futile and will, therefore, proceed with granting ARINC's Motion to Dismiss at this time.

In sum, this Court concludes that the choice of law/choice of forum questions are properly within the jurisdiction of the arbitrator and not this Court. The Court finds that this holding reflects the unmistakably clear Congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts. *See, e.g., Rep. of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 476 (9th Cir. 1991)(quoted citations omitted). Plaintiff's Complaint must, therefore, be dismissed as the Court lacks jurisdiction over the case. Because the Court lacks jurisdiction over the dispute, the Court need not reach the merits of ARINC's preemption argument or any other remaining issue raised in the parties' filings.

---

[2] As explained above, n. 1 *supra*, unlike *Smith* where the choice of law provision was within the arbitration clause itself, the choice of law provision at issue here is a discrete contractual provision that is entirely separate from and independent of the subcontract's arbitration clause. (Decl. Of John Martinson, Doc. #18, Attach. 2.)

- 6 -

**IT IS THEREFORE ORDERED** granting ARINC's Motion to Dismiss (Doc. #17) as this Court lacks jurisdiction over the case;

**IT IS FURTHER ORDERED** denying ARINC's Motion in all other respects as moot.

**IT IS FURTHER ORDERED** denying M3T's Motion to File Sur-Reply and striking the same (Doc. #28).

**IT IS FURTHER ORDERED** denying Defendant ARINC's Motion to Strike (Doc. #31) as moot.

DATED this 28th day of October, 2008.

_____
James A. Teilborg
United States District Judge